```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JEREMIAH RENTAS,

        Plaintiff,

v.

NEW JERSEY STATE PAROLE
BOARD; JUSTIN LEE, SENIOR
PAROLE OFFICER; and SERGEANT
MORFFEE,

        Defendants.

1:20-cv-737-NLH-KMW

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

JEREMIAH RENTAS
1101 W. PARK AVE.
LINDENWOLD, NEW JERSEY 08021

    Appearing *pro se.*

**HILLMAN, District Judge**

    WHEREAS, Plaintiff Jeremiah Rentas ("Plaintiff"), appearing *pro se*, has filed a complaint against three defendants;[1] and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

---

[1] Plaintiff's *pro se* complaint has been filed using a form provided by the Clerk of this Court. The Court notes that while Plaintiff identifies three defendants in the caption of his *pro se* form complaint, only two defendants have been identified in the portion of the form complaint calling for a list of all defendants to this action. Giving Plaintiff the benefit of the doubt, the Court views this action as involving the three defendants identified in the caption of the complaint.

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J. 2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, Plaintiff did not submit a complete IFP application as several pages are blank, including pages relating to Plaintiff's expenses and any assets owned by him or any spouse.  Plaintiff must complete the application in full before the Court can consider it; and

WHEREAS, due to the above-referenced deficiencies in Plaintiff's IFP application, the Court will deny Plaintiff's application to proceed *in forma pauperis*, without prejudice; and

WHEREAS, Plaintiff must either submit a completed IFP application or the $400 filing fee before the complaint will be filed; and

WHEREAS, additionally, the Court uses this opportunity to note various deficiencies in Plaintiff's complaint; and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if,

among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff alleges that the defendants, the New Jersey State Parole Board and what appear to be two state law

3

enforcement or parole officers, contacted the New Jersey Division of Child Protection and Permanency (DCPP) asking DCPP to keep Plaintiff's son away from him due to an unidentified incident Plaintiff asserts occurred in 2018; and

WHEREAS, Plaintiff alleges that defendants "violated [his] rights as a parent" and forced him to sign a GPS monitoring condition so they could keep him from having contact with his child's mother; and

WHEREAS, for relief, Plaintiff asks the Court to place a restriction on the parole board and order the state parole board "lift the condition[s] that they have impose[d] on [him]" and prevent the parole board from placing any further conditions on him or otherwise "violating [his] rights"; and

WHEREAS, while the complaint suggests the Court has subject matter jurisdiction because the United States of America is a defendant, the United States is not a party to this action; and

WHEREAS, instead, it appears that an arm of the New Jersey state government – the state parole board – has been identified as a defendant; and

WHEREAS, a New Jersey governmental entity appearing in an action, in and of itself, does not vest subject matter jurisdiction over such action with this Court; and

WHEREAS, while Plaintiff alleges generally that the defendants have violated his rights as a parent, it remains

unclear what legal rights have allegedly been violated; and

WHEREAS, absent such information, this Court cannot determine whether some other form of subject matter jurisdiction may exist or whether Plaintiff has set forth a colorable claim for relief; and

WHEREAS, should the Court grant Plaintiff IFP status or Plaintiff pays the filing fee, Plaintiff must cure the deficiencies noted or face dismissal for lack of subject matter jurisdiction; and

WHEREAS, for the purpose of submitting an amended complaint to address the deficiencies noted above if Plaintiff chooses to do so, the Court will direct the Clerk to send him a blank Pro Se 1 (Rev. 12/16) Complaint for a Civil Case form;

THEREFORE,

IT IS on this  27th  day of  January , 2020

**ORDERED** that Plaintiff's request to proceed *in forma pauperis*, (ECF No. 1-1), is hereby **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff: (1) a blank IFP application long form, AO 239 (Rev. 01/15) and (2) a blank Pro Se 1 (Rev. 12/16) Complaint for a Civil Case form, both by regular mail; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of

the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee — the $350 filing fee plus the $50 administrative fee - or a completed IFP application; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees, or a completed IFP application, within the time allotted by this Court, the Clerk is directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by regular U.S. mail and **ADMINISTRATIVELY TERMINATE** this action.

At Camden, New Jersey            s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.